UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY BROWN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| A.W. BROWN-FELLOWSHIP | § | Civil Action No. 3:18-CV-03259-X |
| LEADRESHIP ACADEMY f.k.a. | § | |
| A.W. BROWN FELLOWSHIP | § | |
| CHARTER SCHOOL, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rodney Brown filed this retaliation claim against A.W. Brown-Fellowship Leadership Academy (the Academy) when the Academy terminated his employment. The Academy's stated reason for the termination was his purported failure to cooperate in a workplace investigation. Brown claims he was fired for opposing race and sex discrimination. The Academy moved for summary judgment on Brown's retaliation claim. (Doc. 35). The Court later granted Brown's motion for leave to file a late response.[1] Because Brown raised no evidence that he engaged in activity that Title VII protects, the Court **GRANTS** the Academy's motion for

---

[1] Brown initially moved for more time to respond to the Academy's motion for summary judgment. When that additional time passed with no response on file, the Court ordered Brown to show cause for his delay and file his proposed response by October 14, 2020. Brown filed his motion for leave and proposed response on October 15, 2020. The Court granted the motion and ordered the response filed. Nonetheless, Brown's initial motion for leave lingers on the docket [Doc. 38], and the Court hereby **DISMISSES IT AS MOOT** given that the Court granted Brown's subsequent motion for leave to file the response and considers it fully in this order.

summary judgment and dismisses with prejudice Brown's retaliation claim.

## I. Factual Background

Brown served on the Academy's Board of directors. He subsequently stepped down from the board for the Academy to hire him as Director of Facilities, Transportation, Extracurricular, and Special Projects for the 2017–18 school year. The position was at will. In June 2018, a female alleged Brown used his position at the Academy to elicit a sexual relationship, and the school placed him on paid administrative leave while investigating. The record indicates that the school asked Brown to provide a recorded statement. The school argues that Brown testified in his deposition that he did not provide such a written statement. In his summary judgment response, Brown points to his deposition testimony that he had a follow up conversation with Superintendent Laura Mimms and emailed Mimms on June 26, 2018, where he stated that: (1) the allegations were that he took a woman to a track meet in Austin and slept with her; (2) he had not in fact gone to Austin; (3) it was possible the complaint was from a woman he had slept with once and not talked to again; and (4) he did not use his position to gain favor with her. The Academy terminated Brown's employment on July 2, 2018 for violating the personnel handbook section on workplace investigations. That section provides that "[r]efusal to participate, or actions taken to compromise the effectiveness of any investigation, may result in termination."

Brown sued, and his live complaint based a retaliation claim on Brown's "complaints against [Superintendent] Mimms' job performance" and his "complaints of Ms. Mimms' discriminatory, fraudulent and improper actions as Defendant's

Superintendent." Brown identified specific bases of complaint against Superintendent Mimms in written discovery and in his deposition. In his deposition, he listed the following complaints:

a. Mimms misrepresented her education and experience.

b. Mimms spent exorbitant amounts of money on spa trips and upscale restaurants to recruit teachers.

c. Mimms paid a person not hired by the Academy's board to conduct work for the Academy and spent money on airfare for that person.

d. Mimms lived in Nashville, Tennessee, and only worked in Dallas, Texas, three days out of the week.

e. Mimms failed to properly apply for an expansion amendment for the Academy.

f. Mimms improperly awarded a painting contract to a contractor with a too-high bid.

And in written discovery, Brown listed the following complaints:

g. Mimms reprimanded Brown for informing her about principals leaving Dallas to go to San Antonio for a retreat before their work was complete.

h. Mimms reprimanded Brown because he questioned a principal about hiring a band director with no marching band experience.

i. Mimms accused Brown of not being a team player after he complained about the hiring of several teachers who had no previous teaching experience.

j. Brown wrote a letter to the Academy's board admonishing them to pay close attention to Mimms's performance.

k. Mimms reprimanded Brown after he complained about Mimms hiring an

individual who was not approved by the board.

l. Brown was reprimanded for making negative comments about a certain property.

m. Mimms bragged to others about not allowing Brown access to email and personal items in his office after his termination.

n. After Brown's termination, Mimms wrote a letter to the board suggesting that Brown was the author of an anonymous letter to the board.

Separately, Brown testified that unlike his female peers, he was not given a window office, a cell phone, a landline (until 6 months in), or a laptop. But there is no record evidence Brown filed a complaint regarding sex discrimination even though he complained to the Board about Mimms's other alleged misconduct.[2]

## II. Legal Standards

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict

---

[2] Brown testified as follows:

> Q: At the time that you made reports about Ms. Mimms'[s] financial improprieties to the Board, all the complaints about mismanagement to the Board, did you tell the Board members specifically that you were being treated differently because you were male?
>
> A: I don't recall.

Doc. 38 at 31–32.

[3] FED. R. CIV. P. 56(a).

4

for the nonmoving party.'"[4] Courts "resolve factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[5] Thus, "the nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."[6]

This is a retaliation case. When a plaintiff seeks to prove causation in a retaliation case by circumstantial evidence (as Brown does here), he has the initial burden of establishing a prima facia case of retaliation.[7] A plaintiff makes such a prima facia showing that will overcome summary judgment by bringing forth some evidence: "(1) that the plaintiff engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action."[8] Protected activity means any practice Title VII protects, "including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII."[9]

III.  Application

The Academy raises two issues in its summary judgment motion: (1) Brown did not participate in protected activity, and (2) there is no evidence the Academy's stated

---

[4] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (alteration in original) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[5] *Antoine v. First Student, Inc.,* 713 F.3d 824, 830 (5th Cir. 2013) (citation omitted).

[6] *Hathaway v. Bazany*, 507 F.3d 312, 219 (5th Cir. 2007) (citations omitted).

[7] *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003).

[8] *Id.* (quotation marks omitted).

[9] *Id.* (quotation marks omitted).

reason for the firing was pretext for retaliation. Brown responds that (1) the Academy's stated reason doesn't hold up because the preponderance of the evidence shows an overall inference of discrimination, (2) the Academy treated Brown worse than his female peers, and (3) the Academy didn't follow its own policy of progressive discipline. The Court agrees with the Academy that Brown failed to raise some evidence that he engaged in protected activity and that the Academy is entitled to summary judgment on Brown's retaliation claim.

True, Brown testified in this lawsuit that he felt the Academy treated him worse because of his sex (whether it be a worse office, no cell phone, initially no land line, or no laptop). But Title VII's retaliation provisions don't protect feelings; they protect certain activity such as filing a charge of sex or race discrimination.[10] Here, Brown did report many things he saw that he disliked at the Academy, such as financial impropriety and the hiring of unqualified individuals. But these are not Title VII protected reports of sex or race discrimination. When the Academy raised this point in detail in its motion for summary judgment, Brown did not respond with specific summary judgment evidence that he engaged in protected activity. Rather, the full extent of his relevant response was two sentences about his beliefs of sex discrimination rather than his reporting of unlawful conduct:

> Plaintiff testified that he did not have any hiring authority, an assistant, or a school-provided cellphone like other female directors; that he was given the smallest office out of all the female administrators; that he was not given a landline until approximately 6 months after being hired by Defendant; and that he had to use his personal laptop unlike female administrators. Plaintiff also testified that he believed he was treated

---

[10] "Title VII protects an employee only from 'retaliation for complaining about the types of discrimination it prohibits.'" *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 307 (5th Cir. 2019) (quotation marks omitted).

    differently based on his gender, male, while female administrators were given preferential treatment.[11]

Unlike his evidence of a complaint to the board that Mimms was engaging in financial impropriety and hiring unqualified applicants, Brown never pointed to an activity Title VII protects regarding these beliefs that the Academy was discriminating against him because of his sex.  In other words, Brown failed to present summary judgment *evidence* that he engaged in protected activity regarding his feelings of sex discrimination.  Whether Brown did indeed make a triggering complaint of sex discrimination cannot save his claim because he has failed to offer any evidence that he engaged in protected activity sufficient to overcome summary judgment.  As a result, Brown's lack of evidence that he engaged in activity Title VII protects is fatal to his retaliation claim.[12]

## IV.  Conclusion

For the foregoing reasons, Brown's lack of evidence that he engaged in protected activity is fatal to his retaliation claim.  As such, the Court **GRANTS** the Academy's motion for summary judgment and **DISMISSES WITH PREJUDICE** Brown's claim.  A separate final judgment will follow.

**IT IS SO ORDERED** this 24th day of November 2020.

                                                      BRANTLEY STARR
                                                      UNITED STATES DISTRICT JUDGE

---

[11] Doc. 44 at 5–6.

[12] Because Brown raised no evidence that he engaged in protected activity, the Court need not reach the Academy's argument that Brown has no evidence of pretext.